NOT DESIGNATED FOR PUBLICATION

Nos. 121,415
121,416
121,417

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELICA TORRES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed June 26, 2020. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Angelica Torres appeals from her sentences in three criminal cases. Prior to sentencing, Torres filed a motion for a dispositional departure from presumptive prison sentences to probation. Although the district court granted a downward durational departure, it denied a dispositional departure. Ultimately, the district court ordered consecutive sentences totaling 122 months of prison. On appeal, Torres contends that the district court abused its discretion in failing to grant a dispositional departure by failing to order concurrent sentences. Based on our review of the record, we find that the district court did not abuse its discretion. Thus, we affirm.

1

The facts material to this appeal are uncontested. On February 8, 2019, Torres pled no contest to one count of conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine from three separate cases. The district court accepted her pleas and found her guilty in each case. Based on Torres' criminal history score of F, she faced a presumptive prison sentence on each conviction. Before sentencing, Torres filed a motion for dispositional departure, asking the district court to sentence her to probation.

On May 9, 2019, the district court held a sentencing hearing for all three cases. Although the district court denied Torres' request for a dispositional departure, the district court granted her a durational departure. After doing so, the district court sentenced Torres to a 50-month sentence for the conspiracy conviction and two 36-month sentences for the distribution convictions, each to run consecutive, for a total of 122 months in prison. The district court also ordered 36 months of postrelease supervision. Thereafter, Torres timely appealed her sentences.

ANALYSIS

The sole issue presented by Torres on appeal is whether the district court abused its discretion by denying a dispositional departure and by ordering consecutive prison terms. If a departure from a presumptive sentence is granted, we review the denial of any additional departure for an abuse of discretion. See *State v. Dull*, 302 Kan. 32, 64, 351 P.3d 641 (2015). Further, "[g]enerally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence." *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000). A district court abuses its discretion only if the judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. The party asserting an abuse of

discretion—in this case Torres—bears the burden of establishing such abuse. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016).

A review of the record reveals that the district court thoughtfully considered Torres' requests for a dispositional departure as well as the sentences to be imposed. Specifically, the district court listened to Torres as she explained her reasons for requesting probation. After doing so, the district court applauded Torres' recent efforts in attempting to turn her life around. However, the district court found that she had "made some very serious choices in the past and those choices included committing three high-level drug felonies . . . ."

Ultimately, although the district court denied Torres' request for probation, it granted a durational departure to one third of the recommended sentences for her convictions. In reaching this conclusion, the district court found that the standard sentences for these offenses would be 152 months for conspiracy to distribute methamphetamine and 108 months for each count of distribution of methamphetamine—for a total of 368 months. Nevertheless, the district court ordered Torres to serve a total of 122 months in prison. In ordering the sentences imposed to run consecutive, the district court noted "that the consecutive sentence is still less than what it would be . . . in just one case alone . . . ."

Accordingly, the record on appeal shows that the district court made an attempt to balance Torres' efforts to turn her life around with the severity of the three convictions. In addition, the record reveals that the district court articulated the reasons for denying the request for probation, for granting a downward durational departure, and for ordering consecutive sentences. Thus, we conclude that the district court did not abuse its discretion; and we affirm Torres' sentences.

Affirmed.